**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**DAVENPORT DIVISION**

| | |
|---|---|
| **BEAU ALVIN BERGMANN,**<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>**IOWA DISTRICT COURT IN AND FOR VAN BUREN COUNTY.**<br><br>　　　　　　Defendant. | CASE NO. 3:25-cv-00095<br><br><br>PETITION AT LAW AND JURY DEMAND |

**COMES NOW** the Plaintiff, and in support of his cause of action, respectfully states as follows:

## PARTIES

1. Plaintiff Beau A. Bergmann is a United States citizen and was a resident of Henry County, Iowa at all times relevant to the events complained of herein.

2. Defendant Iowa District Court in and for Van Buren County (hereinafter "Court") is an Iowa court established under the laws of the State of Iowa under the direction of the Iowa Judicial Branch with its primary place of business in Van Buren County, Iowa.

## JURISDICTION

3. This is a civil rights case brought under 42 U.S.C. § 1983, the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

4. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

1

5. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1)–(2) because all and all events or omissions giving rise to Plaintiff's claims occurred in—the Davenport Division of the Southern District of Iowa.

## GENERAL FACTUAL ALLEGATIONS

6. All events complained of herein occurred in Van Buren County, Iowa

7. On or about August 11, 2022, Attorney Bergmann was appointed to represent a defendant in Van Buren case no. SRIN002709.

8. On February 15, 2023, Attorney Bergmann appeared at the Van Buren Courthouse for the purpose of a Pretrial Conference relating to case no. SRIN002709.

9. Defendant did not appear for the Pretrial Conference on February 15, 2023, and the presiding District Associate Judge Ty entered a Bench Warrant on February 15, 2025.

10. On February 20, 2023, Attorney Bergmann commenced a 30-day license suspension.

11. Also on February 20, 2023, the defendant was brought before the court for the purpose of an Initial Appearance.

12. At said Initial Appearance hearing, Magistrate Steven Westercamp appointed Amy Anderson as counsel to represent the Defendant and scheduled a Pretrial Conference hearing to take place February 24, 2023.

13. On February 24, 2023, the Defendant appeared for Pretrial Conference but her attorney did not appear and thus the Pretrial Conference was continued to take place March 24, 2023.

14. On March 22, 2023, Attorney Bergmann's license was reinstated and began processing *hundreds* of pending EDMS notifications.

15 Amongst said notification was the Order setting Pretrial Conference in case no. SRIN002709 for March 24, 2023.

16. Attorney Bergmann had previously scheduled matters in Muscatine and Scott counties which were in scheduling conflict with this matter and thus filed a Motion to Continue on March 23, 2023.

17. Judge Rogers did not address said motion until March 24, 2023, noting "Mr. Bergman did not appear but did file a last moment motion to continue."

18. However, the Defendant's actual attorney, Amy Anderson did appear and made the court aware of her intention to file a Motion to Withdraw.

19. The matter was continued to take place April 21, 2023.

20. Attorney Amy Anderson filed a Motion to Withdraw Counsel on March 24, 2023, citing "…unforeseen circumstances the undersigned must take action to limit her caseload."  (Anderson Motion to Withdraw 3/24/23).

21. Further, Anderson states: "The undersigned requests this Court appoint another attorney in her stead." (Anderson Motion to Withdraw 3/24/23).

22. On March 29, 2023, the court ruled on Anderson's Motion to Withdraw by only stating: "The motion to withdraw filed by Amy Anderson is granted for the reasons stated therein." (Order 3/29/23).

23. The court makes no mention of appointing another attorney.

24. On April 20, 2023, the Clerk of Court of Van Buren County contacted the office of the undersigned indicating the Defendant had contacted the clerk indicating she

would not be appearing for the pretrial conference on Friday April 21, 2023.

25. Attorney Bergmann had repeatedly attempted to contact the Defendant regarding the plea offer which the county attorney had previously communicated to Bergmann.

26. The Defendant at no point contacted Bergmann.

27. Bergmann was out of state on a personal business matter April 20, 2023, and was intending upon returning that evening.

28. Due to severe inclement weather which the undersigned counsel would have been forced to travel through, he remained out of state until April 21, 2023.

29. On the morning of April 21, 2023, the undersigned counsel contacted County Attorney Craig Miller and subsequently spoke to defense attorney Kim Auge regarding this matter.

30. The Defendant appeared for court on April 21, 2023.

31. Bergmann telephonically briefed Ms. Auge on the matter and was able to speak with the Defendant regarding the State's plea offer.

32. At this point the defendant indicated she wished to accept the plea to Bergmann.

33. Ms. Auge additionally indicated that she would be willing to cover the hearing for the undersigned counsel and would request a "plea-by" date.

34. Upon information and belief Ms. Auge appeared on behalf of the undersigned counsel.

35. Subsequently, the court entered an order *summarily* holding the undersigned counsel in contempt without hearing and removing the undersigned counsel from the case.

36. Additionally, the court continued the matter to a later "plea-by" date to allow Ms. Auge the time to enter a written guilty plea.

37. The court cited the fact that the undersigned counsel has previously failed to appear in this case.

38. The only time the undersigned failed to appear in this case, the undersigned counsel was unable to legally appear as his license was suspended at that time.

39. The undersigned arranged for a licensed practitioner to cover the matter in the event the client appeared for the hearing.

40. The court cites that the undersigned's "unprofessional willful conduct has directly negatively impacted the administration of justice."

41. In contrast, the actions of April 21, 2023, had no impact on the administration of justice due to the arranged appearance of a licensed attorney on behalf of the undersigned counsel and the subsequent order which had the same result had the undersigned counsel been personally present to inform the court of the defendant's acceptance of the plea offer.

42. The court did not question the undersigned counsel regarding this matter prior to summarily finding him in contempt.

43. On May 1, 2023, the Plaintiff attempted to remedy the issue by filing a Motion to Set Aside Summary Contempt.

44. On June 19, 2023, the Defendant entered an Order Denying Motion to Set Aside Summary Contempt.

45. On August 24, 2023, Plaintiff attempted to remedy the issue by filing Motion to Reconsider Motion to Set Aside Summary Contempt on Additional Grounds.

46. On August 29, 2023, the Defendant entered an Order Confirming Summary Contempt.

## CAUSES OF ACTION

### COUNT I
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 VIOLATION OF 5th and 14th AMENDMENT TO THE UNITED STATES CONSTITUTION RIGHT TO DUE PROCESS

47. Plaintiff repleads the preceding paragraphs as if fully set forth herein.

48. At all times material hereto, Defendants' actions and omissions were made under the color of authority and law.

49. Plaintiff was subject to a contempt action by the Defendant which is a quasi-criminal action triggering due process rights.

50. Contempt action was commenced on April 21, 2023.

51. Order finding summary contempt was entered April 21, 2023.

52. Defendant did not provide any due process whatsoever prior to entering judgment against the Plaintiff.

53. No hearing was scheduled or conducted at which time evidence and/or testimony would have been presented by the Defendant against the Plaintiff.

54. No hearing was scheduled or conducted at which time Defendant would have been able to submit evidence in his own defense.

55. Defendant had a duty to ensure due process was provided to the Plaintiff.

56. Defendant failed to provide due process to the Plaintiff prior to entering summary contempt judgment against him.

57. Defendant violated Plaintiff's clearly established federal constitutional rights by depriving him of due process through entry of a summary contempt judgment

without hearing.

58. Defendant were on notice that their conduct was unconstitutional.

59. Defendant demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

60. Plaintiff had a right to due process guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution

61. Defendant's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

62. As a result of the Defendant's illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what he has suffered in the past and will suffer in the future.

**COUNT II**
**CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 VIOLATION OF 6th and 14th AMENDMENT TO THE UNITED STATES CONSTITUTION RIGHT TO COUNSEL**

63. Plaintiff repleads the preceding paragraphs as if fully set forth herein.

64. At all times material hereto, Defendants' actions and omissions were made under the color of authority and law.

65. Plaintiff's had a right to counsel as guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution.

66. Plaintiff was subject to a contempt action by the Defendant which is a quasi-criminal action triggering due process rights.

67. Due process rights include the right for persons to have a retain legal counsel.

68. Contempt action was commenced on April 21, 2023.

69. Order finding summary contempt was entered April 21, 2023.

70. Plaintiff was not provided opportunity to meet with, work with, or utilize legal counsel prior to the court entering summary contempt against him.

71. Defendant did not provide the Plaintiff with opportunity to retain legal counsel prior to entering summary contempt judgment.

72. Defendant violated Plaintiff's clearly established federal constitutional rights by depriving him of his right to counsel.

73. Defendant were on notice that their conduct was unconstitutional.

74. Defendant demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

75. Plaintiff had a right to due process guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution

76. Defendant's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

77. As a result of the Defendant's illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what he has suffered in the past and will suffer in the future.

**COUNT III**
**CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 VIOLATION OF 6th and 14th AMENDMENT TO THE UNITED STATES CONSTITUTION RIGHT TO CONFRONTATION**

78. Plaintiff repleads the preceding paragraphs as if fully set forth herein.

79. At all times material hereto, Defendant's actions and omissions were made under the color of authority and law.

80. Plaintiff had a right to confront his accusers as guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution

81. Plaintiff was subject to a contempt action by the Defendant which is a quasi-criminal action triggering due process rights.

82. Due process rights include the right for persons to confront their accusers.

83. Contempt action was commenced on April 21, 2023.

84. Order finding summary contempt was entered April 21, 2023.

85. Plaintiff was not provided with any opportunity to confront or challenge his accusers statements and/or accusations in open court.

86. Defendant had a duty to ensure Plaintiff was provided with the opportunity to confront his accuser.

87. Defendant failed to provide Plaintiff with the opportunity to confront his accuser prior to entering summary contempt judgment against him

88. Defendant violated Plaintiff's clearly established federal constitutional rights by depriving him of his right to counsel.

89. Defendant were on notice that their conduct was unconstitutional.

90. Defendant demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

91. Plaintiff had a right to confront his accusers guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution

92. Defendant's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

93. As a result of the Defendant's illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what he has suffered in the past and will suffer in the future.

**COUNT IV**
**CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 VIOLATION OF 6th and 14th AMENDMENT TO THE UNITED STATES CONSTITUTION RIGHT TO NOTIFICATION OF ACCUSATIONS**

94. Plaintiff repleads the preceding paragraphs as if fully set forth herein.

95. At all times material hereto, Defendant's actions and omissions were made under the color of authority and law.

96. Defendant violated Plaintiff's right to confront his accusers as guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution

97. Plaintiff was subject to a contempt action by the Defendant which is a quasi-criminal action triggering due process rights.

98. Due process rights include the right for persons to notification of accusations against them.

99. Contempt action was commenced on April 21, 2023.

100. Order finding summary contempt was entered April 21, 2023.

101. Plaintiff was first notified of contempt accusations when he was served via Electronic Document Management System (herein after "EDMS") notification that judgment had been entered against him summarily by the court.

102. Defendant had a duty to ensure Plaintiff was provided with the notification of accusations against him.

103. Defendant failed to provide Plaintiff with notification of accusations prior to entering summary contempt judgment against him

104. Defendant violated Plaintiff's clearly established federal constitutional rights by depriving him of his right to notification of accusations.

105. Defendant were on notice that their conduct was unconstitutional.

106. Defendant demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

107. Plaintiff had a right to notification of accusations guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution

108. Defendant's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

109. As a result of the Defendant's illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what he has suffered in the past and will suffer in the future.

### COUNT V
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 VIOLATION OF 6th and 14th AMENDMENT TO THE UNITED STATES CONSTITUTION RIGHT TO AN IMPARTIAL DECISION MAKER AND HEARING

110. Plaintiff repleads the preceding paragraphs as if fully set forth herein.

111. At all times material hereto, Defendant's actions and omissions were made under the color of authority and law.

112. Defendant violated Plaintiff's right to an impartial decision maker as guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution

113. Plaintiff was subject to a contempt action by the Defendant which is a quasi-criminal action triggering due process rights.

114. Due process rights include the right to an impartial decision maker and hearing.

115. Defendant initiated contempt proceedings on April 21, 2023.

116. Defendant acted as decision maker to an action it initiated.

117. No hearing took place.

118.. Defendant had a duty to ensure Plaintiff was provided with an impartial decision

maker and hearing.

119. Defendant failed to provide Plaintiff with provided with an impartial decision maker or hearing when entering summary contempt judgment against him.

120. Defendant violated Plaintiff's clearly established federal constitutional rights by depriving him of his right to an impartial decision maker and hearing.

121. Defendant were on notice that their conduct was unconstitutional.

122. Defendant demonstrated a deliberate indifference to and reckless disregard of Plaintiff's civil and constitutional rights.

123. Plaintiff had a right to notification of accusations guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution

124. Defendant's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

125. As a result of the Defendant's illegal and unjustified conduct, Plaintiff was injured and is entitled to recover for what he has suffered in the past and will suffer in the future.

## **PRAYER FOR RELIEF**

Plaintiffs pray for Judgment against the aforementioned Defendant as follows:

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b. Compensation for violation of their constitutional rights, mental anguish, and humiliation;

c. Plaintiff's cost in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

d.   An award of pre-judgment interest;

e.   Punitive damages; and

f.   Any other relief the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in this matter on all counts to which Plaintiff is entitled to a jury.

Respectfully submitted,

**BERGMANN LAW FIRM, P.L.L.C**

BY: *Beau A. Bergmann /s/*

Beau A. Bergmann          AT0011561
116 E. 2nd St.
Muscatine, Iowa 52761
TELEPHONE: (319) 385-8527
FACIMILE:   (515) 598-7782
EMAIL: beau@bergmannlawfirm.com
**PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 29, 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system and a true copy of the foregoing was served electronically on the attorneys of record.

*Beau A. Bergmann /s/*